# Burt *v.* Jessup Steel Company, Appellant.

*Negligence—Master and servant—Defective machinery—Notice to master—Evidence—Fellow servants.*

1. In an action by an employee against his employer to recover damages for personal injuries sustained while working at a machine, where the charge is that the machine became unsafe to operate by permitting shears attached to it to become so dull as to be unfit for use, the burden is upon the plaintiff to show that defendant had notice of the defective condition, or that the defendant should have known if the machine had been properly inspected, and this burden is met by proving notice to the superior in charge of the employees.

2. In such a case where there is evidence that both the superior in charge of the employees and the machinist whose duty it was to repair the shears had notice of their condition, and the evidence is conflicting as to whether the plaintiff was directed to work on the particular machine at which he was injured or did so of his own volition, the question of the defendant's negligence and the plaintiff's contributory negligence is for the jury.

Argued Oct. 13, 1910. Appeals, Nos. 67 and 68, Oct. T., 1910, by defendant, from judgment of C. P.

Washington County, Nov. T., 1908, No. 176, on verdict for plaintiffs in case of Clem O. Burt, a minor, by his father and next friend, John Burt, and John and Emma Burt, parents, v. Jessup Steel Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before TAYLOR, J.

The plaintiff, a boy, almost seventeen years of age, was injured while operating a set of scrap shears in defendant's steel plant. This work he did under the direction of a foreman, having been so employed for six weeks. His machine becoming dull, he reported this to Win Cain, an assistant to the master mechanic, whose duty it was to keep the shears in good condition. He then went to work at another pair of shears, which the previous operator had reported to Cain as being dull about an hour previous. According to plaintiff's testimony, he did this at Cain's direction. After working some twenty minutes, during which time the shears jerked and pulled at the iron as if they were dull, his left hand was caught in some way, and so mangled that it had to be amputated.

Verdict and judgment for plaintiffs, Clem O. Burt for $2,500 and for John and Emma Burt for $1,302.

*Error assigned* among others was in refusing binding instructions for defendant.

*Harry J. Nesbit,* with him *John L. Prestley, T. F. Birch, Harry A. Jones,* and *H. Russel Myers,* for appellant.

*R. W. Irwin,* with him *J. A. Wiley,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 3, 1911:

This case was defended in the court below and has been argued here principally upon the ground that Cain was a fellow servant and not a vice principal. This defense is

predicated upon the theory that the negligence charged
and relied on was the putting of the minor appellee to
work on a machine out of order by direction of the vice
principal. If this were the only negligence charged there
would be much force in the argument of learned counsel
for appellant. But we do not so read or understand the
averments set out in the statement, and as we view the facts
the question of vice principal does not arise. It is true
there is such a recital in the declaration but following the
recital of facts which led up to the accident there are three
separate paragraphs charging negligence of different kinds
and character. In one of these paragraphs it is averred
that "the said defendant company did not exercise due
care in putting and keeping its machinery in proper con-
dition and did not have the said machine in proper con-
dition when the said plaintiff was put to work upon it.
The said machine was out of order and the knives in said
machine were dull so that the said machine was not in
proper fit condition to put a boy of the age and inex-
perience of the said plaintiff to work upon it." This cer-
tainly charges the particular machine at which the boy
was put to work as being defective and not in proper con-
dition for operating. Later in the statement it is averred
that the unsafe and unfit condition of the machine caused
the injuries about which complaint is made. This is an
answer to the argument made for appellant in which it is
stated that it is not alleged that the negligence consisted
in allowing the machine to become dull, or in permitting
plaintiff to work on a dull machine. If the injuries re-
sulted from the use of a defective machine, or one not in
condition to be operated, it is immaterial whether Cain was
a fellow servant or a vice principal. Under such circum-
stances his status as an employee has nothing to do with
the case. As we understand it, the negligence charged
is not that the machine was defective in construction
but that it became unsafe to operate by permitting the
shears to become so dull as to be unfit for use. In this
connection the burden was on plaintiffs to show that the

defendant company had notice of the defective condition, or that it should have known if the machine had been properly inspected.  This burden was met by proving notice to the superior in charge of the boys.  It is also in evidence that the machinist whose duty it was to repair the shears had been notified of their condition.  There is some dispute as to whether the boy was directed to work on that particular machine or did so of his own volition.  But this was a question of fact for the jury. Again, it is urged that the boy was guilty of contributory negligence but this was also a question for the jury.  We have concluded after a careful review of the whole record that the negligence of defendant and the contributory negligence of plaintiff were both questions for the jury and that there was no reversible error in their submission.

Judgment affirmed.